IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

CASE NO.

NATIONWIDE MUTUAL INSURANCE
COMPANY

      **Plaintiff,**

v.

SEMOCOR ENTERPRISES, INC.;
MAITLAND VILLAGE HOMEOWNERS
ASSOCIATION, INC.; MAITLAND
VILLAGE, LLC; ERM DEVELOPMENT
CORP.; and ERM CONSTRUCTION CORP.

      **Defendants.**

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), sues Defendants, Semocor Enterprises, Inc. ("Semocor"); Maitland Village Homeowners Association, Inc. (the "Association"); and Maitland Village, LLC, ERM Development Corp., and ERM Construction Corp. (collectively, the "Developers"), and seeks a declaratory judgment for the purpose of determining a question of actual, immediate controversy among the parties, specifically with respect to Nationwide's obligations to defend or indemnify Semocor against an underlying case (the "Underlying Lawsuit") brought by the Association and the Developers under certain policies Nationwide issued to Semocor. In support thereof, Nationwide states as follows:

## Parties

1.      Nationwide is foreign corporation, incorporated in the state of Ohio with its principal place of business in Columbus, Ohio. Nationwide is authorized to transact insurance business in the state of Florida. Nationwide is therefore a citizen of the state of Ohio.

2.      Semocor is an inactive Florida corporation, having been administratively dissolved as of September 27, 2013. When active, Semocor was incorporated in the state of Florida with its principal place of business in Apopka, Florida. Semocor is therefore a citizen of the state of Florida.

3.      The Association is a Florida corporation with its principal place of business in Maitland, Florida. The Association is therefore a citizen of the state of Florida.

4.      Maitland Village, LLC is an inactive Florida limited liability company, having been administratively dissolved as of September 28, 2018. When active, the members of Maitland Village, LLC were Eli Melamed, Udi Melamed, and Rita Melamed. Eli and Rita Melamed are citizens of the state of Florida, residing in Seminole County, Florida. Udi Melamed is a citizen of the state of California, residing in San Diego County, California. Maitland Village, LLC is therefore a citizen of the states of Florida and California.

5.      ERM Development Corp. is a Florida corporation with its principal place of business in Altamonte Springs, Florida. ERM Development Corp. is therefore a citizen of the state of Florida.

6.      ERM Construction Corp. is an inactive Florida corporation, having been administratively dissolved as of September 22, 2023. When active, ERM Construction Corp. was incorporated in the state of Florida with its principal place of business in Altamonte Springs, Florida. ERM Construction Corp. is therefore a citizen of the state of Florida.

## Jurisdiction and Venue

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

8.      Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and at least one Defendant resides in this District.

## The Insurance Policies

9.      Nationwide issued to Semocor four successive insurance policies bearing number 77PR839797-3002, which were in effect for the periods of December 29, 2005 to November 22, 2006; November 22, 2006 to November 22, 2007; November 22, 2007 to November 22, 2008; and November 22, 2008 to November 22, 2009, respectively. The Policies provide commercial general liability insurance coverage subject to the terms, conditions, definitions, and exclusions set forth therein. Certified copies of the Policies are attached hereto as **Exhibits A, B, C, and D**, respectively**.**

10.     The Policies provide, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion,

PD.53815976.1

investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

*\*\**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

(2) The "bodily injury" or "property damage" first "manifests" during the policy period.

*\*\**

11.     The Policies' Coverage A is subject to an exclusion for "'property damage' which 'manifests' prior to the inception of this policy or after termination of this policy."

12.     The Policies state that "property damage" means, in relevant part, "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured."

13.     The Policies state that "manifests" means "that the damage or injury is either: (a) [d]iscovered by the insured or some other person; or (b) [r]easonably should be discovered by the insured or some other person."

14.     The Policies state that "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15.     The Policies' Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition states:

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

- 4 -

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

16.     Throughout the Policies, the terms "you" and "your" refer to the Named Insured, Semocor, and the terms "we" and "our" refer to the insurer affording coverage, Nationwide.

**The Underlying Lawsuit**

17.     On September 29, 2023, the Association filed suit against the Developers and others in Florida state court (the "Underlying Lawsuit"). The Underlying Lawsuit is styled *Maitland Village Homeowners Association, Inc. v. Maitland Village, LLC, et al.*, bears case number 2023-

- 5 -

CA-015646-O, and is pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

18.     The Underlying Lawsuit arises out of alleged defects and deficiencies in the initial construction of the Maitland Village Townhomes in Orange County, Florida (the "Subject Property"), which consists of 22 townhome buildings (88 total units) and associated roadways, sidewalks, and common areas.

19.     Upon information and belief, Semocor performed stucco installation work on buildings 14, 15, 16, 17, 18, and 19 on the Subject Property during or prior to 2007.

20.     On June 28, 2024, the Association amended its complaint in the Underlying Lawsuit, in which it added numerous subcontractor defendants, including Semocor. A copy of the Association's operative complaint in the Underlying Lawsuit is attached hereto as **Exhibit E**.

21.     In the Amended Complaint, the Association alleges that:

> The aggregate effect[s] of the defects set forth [in the Amended Complaint] has caused, and will continue to cause, community-wide water-intrusion damage to other components of the roofs, walls and structural framing, and other components of the building including, but not limited to, the building exteriors, building framing, building lath, weather resistive barrier, building sheathing and framing, interior and exterior finishes, drywall, paint, insulation, and other components of the Subject Property and common areas; damages to other property; damage to work of other trades; and undue risk of future damages throughout the Subject Property.

22.     In the Amended Complaint, the Association alleges that "[t]he defects and deficiencies were not readily discoverable by the Association or its members through reasonable inspection at the time of purchase, and the Association and its members became aware of the defects and deficiencies only after recent inspections performed by expert consultants."

23.     Against Semocor, the Association asserts causes of action for negligence and violations of the Florida building codes.

PD.53815976.1

24. On June 28, 2024, the Developers filed a third-party complaint against a number of subcontractor defendants, including Semocor. On July 24, 2024, the Developers amended their third-party complaint "to correct Case Number only." A copy of the operative third-party complaint in the Underlying Lawsuit is attached as **Exhibit F**.

25. In the Third-Party Complaint, the Developers "contest[] the allegations that the Subject Property was constructed in a defective manner," but assert that if they were to "bear[] any liability in relation to the claims raised by [the Association], that liability is derivative of the ultimate responsibility born[ ] by the" third-party defendants.

26. Against Semocor, the Developers assert causes of action for breach of oral contract, negligence, common law indemnity, violations of the Florida Building Code, and breach of implied warranty.

27. On August 9, 2025, Florida's Secretary of State accepted substitute service of the Underlying Lawsuit on Semocor's behalf.

28. On February 5, 2025, the Association moved for default against Semocor in the Underlying Lawsuit.

29. On February 6, 2025, default was entered against Semocor in the Underlying Lawsuit.

30. On March 14, 2025, Nationwide received notice of the Underlying Lawsuit from counsel for the Association.

31. Neither Semocor nor any other person or organization provided notice to Nationwide of the Underlying Lawsuit prior to March 14, 2025, which was after default had been entered against Semocor.

32. As of the date of this filing, Semocor remains defaulted.

33.　　While Semocor remains in default, Nationwide does not have the opportunity to adequately and properly defend Semocor against the Underlying Lawsuit, as it has the right to do under its Policies.

34.　　Nationwide has been materially prejudiced by Semocor's breaches of the Policies' conditions.

## COUNT I – DECLARATORY JUDGMENT (LATE NOTICE)

35.　　Nationwide adopts and incorporates by reference the allegations set forth in paragraphs 1-34 above as though completely and fully set forth herein.

36.　　The Policies require that Semocor provide notice of any suit against it to Nationwide.

37.　　Semocor did not provide notice of the Underlying Lawsuit to Nationwide.

38.　　Semocor was defaulted in the Underlying Lawsuit on February 6, 2025.

39.　　Nationwide's first notice of the Underlying Lawsuit was via letter from counsel for the Association on March 14, 2025—after the default was entered against Semocor.

40.　　As of the date of this filing, Semocor remains in default.

41.　　Nationwide has been materially prejudiced by Semocor's breaches of the Policies' conditions.

42.　　Consequently, the Policies do not afford coverage for the claims made and damages sought against Semocor in the Underlying Lawsuit.

43.　　As a result, Nationwide has no duty to defend or indemnify Semocor for the claims made and damages sought in the Underlying Lawsuit.

44.　　Accordingly, Nationwide seeks a judgment declaring that it does not have a duty to defend or indemnify Semocor under the Policies for the claims made and damages sought in the Underlying Lawsuit.

PD.53815976.1

## COUNT II – DECLARATORY JUDGMENT (TRIGGER)

45.     Nationwide adopts and incorporates by reference the allegations set forth in paragraphs 1-34 above as though completely and fully set forth herein.

46.     The Policies were in effect from December 29, 2005 to November 22, 2006; November 22, 2006 to November 22, 2007; November 22, 2007 to November 22, 2008; and November 22, 2008 to November 22, 2009, respectively.

47.     The Policies only afford coverage for "property damage" that first "manifests" during the policy period.

48.     The Policies do not afford coverage for any "'property damage' which 'manifests' . . . after termination" of the Policies.

49.     An insured's allegedly defective work is not "property damage" within the meaning of the Policies and under controlling law.

50.     The Association alleges that the construction defects resulted in "community-wide water-intrusion" damages.

51.     The Association alleges that its claimed damages "were not readily discoverable" and, instead, that the Association "became aware" of alleged issues at the Subject Property "only after recent inspections."

52.     Neither the Association nor the Developers have alleged that any "property damage" first "manifested" during Nationwide's respective policy periods.

53.     Consequently, the Policies do not afford coverage for the claims made and damages sought against Semocor in the Underlying Lawsuit.

54.     As a result, Nationwide has no duty to defend or indemnify Semocor for the claims made and damages sought in the Underlying Lawsuit.

PD.53815976.1

55.     Accordingly, Nationwide seeks a judgment declaring that it does not have a duty to defend or indemnify Semocor under the Policies for the claims made and damages sought in the Underlying Lawsuit.

**WHEREFORE,** Nationwide respectfully requests that this Honorable Court enter a judgment declaring the rights and obligations of the parties under the Policies, including but not limited to the following:

(a)     Nationwide has no duty under the Policies to defend Semocor against the Underlying Lawsuit due to Semocor's breaches of the Policies' notice requirements;

(b)     Nationwide has no duty under the Policies to indemnify Semocor against the Underlying Lawsuit due to Semocor's breaches of the Policies' notice requirements;

(c)     Nationwide has no duty under the Policies to defend Semocor against the Underlying Lawsuit as no "property damage" is alleged to have "manifested" during Nationwide's policy periods;

(d)     Nationwide has no duty under the Policies to indemnify Semocor against the Underlying Lawsuit as no "property damage" is alleged to have "manifested" during Nationwide's policy periods;

(e)     Upon a declaration by the Court of no duty to defend, Nationwide has the right to withdraw its appointment of counsel to represent Semocor; and

(f)     Granting Nationwide any further relief this Court deems proper.

PD.53815976.1

Dated: January 15, 2026.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Samantha R. Coughlin*

Patricia A. McLean
Florida Bar No. 0129143
Patricia.McLean@phelps.com
Samantha R. Coughlin
Fla. Bar No. 1035910
Samantha.Coughlin@phelps.com
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Fax: (813) 472-7570
**Attorneys for Plaintiff, Nationwide Mutual
Insurance Company**

PD.53815976.1