# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NATIONWIDE MUTUAL INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-00101-AGM-DCI**

**SEMOCOR ENTERPRISES, INC., MAITLAND VILLAGE HOMEOWNERS ASSOCIATION, INC., MAITLAND VILLAGE, LLC, ERM DEVELOPMENT CORP., and ERM CONSTRUCTION CORP.,**

**Defendants.**

---

## ORDER

Plaintiff brings this action for declaratory judgment related to Plaintiff's obligations to defend or indemnify Semocor Enterprises, Inc. (Semocor) against an underlying lawsuit brought by Maitland Village Homeowners Association (the Association) and Maitland Village, LLC; ERM Development Corp.; and ERM Construction Corp. (the Developers). Doc. 17 (the Amended Complaint). The Association has filed an Answer and Affirmative Defenses to the Amended Complaint (Doc. 22), but Semocor has not filed an answer or otherwise responded. The Clerk has entered default against Semocor (Doc. 36), and Plaintiff now seeks default judgment against Semocor pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 40 (the Motion).

The Motion is due to be denied. "The 'preferred practice' in multi-defendant actions where only some defendants are in default is to withhold granting default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants." *Nautilus Ins. Co. v. A.J. Cardinal Grp., LLC*, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019),

*report and recommendation adopted by*, 2019 WL 5068636 (M.D. Fla. Oct. 9, 2019) (quoting *North Point Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012)). "[I]n cases involving more than one defendant, a judgment. . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted by* 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). As the court in *Nationwide* explained:

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id*. "The purpose behind not entering a default judgment against a defendant when a co-defendant has appeared is the prohibition against logically inconsistent judgments." *United States CFTC v. Montano*, 2019 WL 11648519, at *3 (M.D. Fla. July 15, 2019) (citing *Frow*, 82 U.S. at 554). "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments." *Nationwide*, 2011 WL 6752561 at *6 (collecting cases).

The Eleventh Circuit has also stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted). "'Several Circuits, including the Eleventh [Circuit], have found *Frow* applies to situations where defendants are jointly and severally liable, or have closely related defenses.'" *Zhou v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2023 WL 6160834, at *3 (quoting *Rodriguez v.*

*Guacamole's Authentic Mexican Food & More, LLC*, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012)).

Here, Plaintiff brings two counts for relief to declare that Plaintiff does not have a duty to defend or indemnify Semocor under certain insurance policies for the claims made in the underlying litigation. Doc. 17 at 8 to 10. Plaintiff moves for default because it served Semocor through substituted service, and Semocor failed to respond. Doc. 40. The Association, however, has filed a response in opposition to the Motion and argues that "the Association is litigating the exact same issue that Semocor would be litigating if it had made an appearance — [Plaintiff's] coverage duties." Doc. 41 at 3. Accordingly, the Association contends that "it is very easy for a default judgment in such a case to be inconsistent with a subsequent judgment obtained by a non-defaulting party." *Id.*

The Court agrees that Plaintiff is not entitled to relief at this juncture. While Plaintiff does not specify that Counts I and II are against all Defendants, clearly the relief sought relates to the Association and the Developers' claims in the underlying lawsuit. *See id.* Indeed, Plaintiff provides in the Motion that "[a]lthough [Plaintiff] is entitled to default judgment against Semocor, a disputed issue remains between [Plaintiff] and the Association on Count I to the extent the Association asserts that [Plaintiff] was not prejudiced by Semocor's breach of the notice conditions in the Policies and/or waived or should be estopped from relying its late notice defense. An unresolved dispute also exists between [Plaintiff] and the Association regarding the relief sought in Count II of the Amended Complaint." Doc. 40 at 5.

The claims all relate to the coverage, and the rationale of *Frow* applies, and the Court should withhold addressing the merits of Plaintiff's request for default judgment. *See Nautilus Ins. Co. v. LB Ent., LLC*, 2024 WL 5090070, at *2 (M.D. Fla. Dec. 12, 2024) ("[C]ourts under

similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.") (collecting cases). Overall, the Court finds piecemeal litigation should be avoided here because of the nature of Plaintiff's allegations and claims and the relief sought. *See* Rule 54(b) (noting that a court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay").

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 40) is **DENIED without prejudice**; and
2. Plaintiff may renew the request, if appropriate, within **TWENTY-ONE (21) DAYS** of resolution of this matter as to the Defendants who have appeared and are litigating this action.

Ordered in Orlando, Florida on July 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties